IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JAMES WAYNE WATSON, | Cause No. CV 20-106-BLG-SPW-KLD |
| Plaintiff, | |
| vs. | |
| UNITED STATES OF AMERICA; STEPHEN FEURSTEIN; UNITED STATES MARSHALS SERVICE; WOODWARD LAW FIRM PLLC; KURT ALME; and BRYAN DAKE, | |
| Defendants. | |
| JAMES WAYNE WATSON, | Cause No. CV 20-125-BLG-SPW-KLD |
| Plaintiff, | |
| vs. | |
| STATE OF MONTANA; INGRID ROSENQUIST; MEL RODGER; M.M.; and DETECTIVE GARTNER, | |
| Defendants. | |

**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

Plaintiff James Wayne Watson brought these actions under 42 U.S.C. § 1983

1

in the summer of 2020. In late March 2021, Watson died. His mother, Deborah Watson, asserts that she is his sole beneficiary and should be allowed to proceed on behalf of his estate. *See* Order (Doc. 15); Resp. to Order (Doc. 16) at 2–3. The record indicates, however, that Watson had one or more children. *See* Letter (Doc. 12-1) at 1; Mot. to Proceed (Doc. 6) at 2 ¶ 7.

Ms. Watson has not produced adequate evidence that she is her son's sole beneficiary or that she is authorized to make statements of fact concerning the estate's affairs. She submitted no will or other instrument naming her as personal representative or sole beneficiary. If Watson died intestate, Montana law suggests Ms. Watson is not the sole beneficiary. *See, e.g.*, Mont. Code Ann. §§ 72-2-112, -113 (2021).

Under these circumstances, Ms. Watson is not authorized to maintain these lawsuits. She has not identified anyone else who might have the authority to prosecute them.

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a defense motion. *See, e.g., Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United*

2

*States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

In considering dismissal, a court must generally weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (applying *Pagtalunan*).

The first factor generally favors dismissal, and the fifth generally counsels against it. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1990); *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Special considerations here, however, alter the analysis of the fifth factor. Litigation cannot continue without a party authorized to act as plaintiff. For similar reasons, factors two, three, and four favor dismissal. Docket management favors dismissal of a case in which defendants cannot obtain a reliable disposition on the merits, and going forward without a plaintiff is no option. All factors favor dismissal.

These actions should be dismissed for failure to prosecute. Dismissal should,

however, be made without prejudice to a new filing by a duly authorized
representative.

Any appeal of this disposition would not be taken in good faith. *See* Fed. R.
App. P. 24(a)(3)(A), (4)(B). Reasonable jurists would have no basis to find that Ms.
Watson is authorized to pursue these actions.

Accordingly, the Court RECOMMENDS:

1. Watson's complaints should be DISMISSED WITHOUT PREJUDICE for
failure to prosecute.

2. The clerk should enter, by separate documents, judgments of dismissal
without prejudice.

3. The District Court should CERTIFY, pursuant to Federal Rule of
Appellate Procedure 24(a)(4)(B), that any appeal from this disposition would not be
taken in good faith.

4. The clerk will serve Plaintiff Watson at his last known address of record as
it is also Ms. Watson's address.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

The Court will give Ms. Watson an opportunity to object to this Findings and

4

Recommendation within 14 days.  *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file

written objections may bar a de novo determination by the district judge and/or

waive the right to appeal.

DATED this 14th day of March, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.